IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

Frantz Pierre                                                                                         CASE NO. 1:17-CV-20337

    **Plaintiff/Petitioner**

vs.

The City of North Miami Beach,
a political subdivision of the state of Florida
William Mac Serda Deputy City Manager Individual Capacity
Jose Smith City Attorney Individual Capacity

    **Defendant/Respondent**

## COMPLAINT

*COMES NOW*, and Plaintiff, by and through undersigned counsel and hereby files this complaint and in support thereof hereby offers the following:

## INTRODUCTION

1. This is an action for legal and equitable relief to redress unlawful discrimination and harassment on the basis of race, against the Plaintiff. The suit is brought to seek a declaratory judgment that Defendant has engaged in a systemic pattern and practice of racial discrimination in employment opportunities and practice and to secure damages, along with the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964 and Florida Civil Rights act of 1992, Florida Statue 760, which provide for relief against discrimination and harassment in employment on the basis of race related thereto. Specifically, Plaintiff, Frantz Pierre, by and through the undersigned counsel, brings this action against Defendant, THE CITY OF NORTH MIAMI BEACH, INC, a public body corporate of Florida, for violation of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C. §2000e,* and state the following in support thereof:

## JURISDICTION

2. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, *et seq.*, 42 U.S.C. 1983, 42 U.S.C. 1988 as amended, 42 U.S.C. § 2000, 42 U.S.C. 28 USC 1343 and the Florida Civil Rights act of 1992, Florida Statue 760.

3. The employment practices hereafter alleged to be unlawful were committed in North Miami Beach, within the jurisdiction of the Southern District of Florida.

4. This Court has jurisdiction over Plaintiffs' Title VII claims under 28 U.S.C. § 1331. The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C 2201 and 2202. This Court will have pendent jurisdiction any state claims under 28 USC 1367.

## VENUE

5. Venue is proper under 28 U.S.C. § 1391(a) because the Defendant Business' place of business is in in North Miami Beach, Miami Florida and because the actions alleged by Plaintiffs in this Complaint occurred in North Miami Beach, Miami, Florida.

6. Plaintiffs Frantz Pierre has fulfilled all conditions precedent to the institution of this action and have obtained Notices of Right to Sue.

## PARTIES

7. Plaintiff, Frantz Pierre, is a Haitian-American, male and citizen of the State of Florida, and is a member of a protected class who resides in North Miami Beach Florida, and was elected to office in the respondent city.

8. At all times, the city of North Miami Beach, Defendant, Inc., is a Corporation authorized to conduct business in the State of Florida. City Hall of North Miami Beach is located at 17011 N.E. 19th Avenue, North Miami Beach Florida 33162, who at all times relevant hereto had 15 or more employees for each working day in each of 20 or more calendar weeks at all relevant times.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9. Pierre timely filed Charges of Discrimination with the Equal Employment Opportunity Commission (EEOC).

10. On October 27, 2016, The Department of Justice issued Pierre a Notice of Right to Sue, within 90 days of his receipt of which he is filing with this action.

## FACTS

11. Plaintiff is a fifty-two year, old Black Haitian-American, racial minority, and is a member of a protected class.

12. Plaintiff was hired by the City of North Miami Beach in 2007 as a Councilman and is the only Black Haitian-American Counsel person.

13. In November of 2014 during a council meeting, Plaintiff told the City Police Chief that he should resign after it was discovered that his department was utilizing photographs of Black Male residents as target practice.

14. Plaintiff engaged in free access conduct and/or opposition conduct against the City of North Miami Beach employee, namely the City Police Chief.

15. In retaliation the City of North Miami Beach sent a Code Enforcement Officer to Plaintiff's home and accused him of threatening her when Plaintiff wasn't even home.

16. Code Enforcement continued to harass Plaintiff at all hours of the day and night by coming to his home to investigate various alleged frivolous unfounded allegations.

17. Code Enforcement Officer's chief complaints were that he had a fence in his yard that was missing a few nails which caused it to lean.  The other complaint was that he had a relative's vehicle in his driveway that had low air in a front tire.

18. Employees of the City of North Miami Beach staged a news conference which plaintiff had no knowledge of and had a city employees from code enforcement come to his home at all hours of the day and threaten him with multiple code enforcement violations.

19. High ranking employees of the city of North Miami Beach set up investigations and news stories that coincided with Plaintiff's election when he was running for councilman in the City of North Miami Beach.

20. The news spots took place one day before Plaintiff was to run for election in North Miami Beach.

21. Defendants are responsible for news articles and internet stories that have and/or are intended, to cause irreparable damage to his reputation political career.

22. Defendants have leaked false information to at least one blogger that continues to write internet stories that will be and/or deleterious to plaintiff's political career.

23. Mac Serda was the Deputy City Manager that called news conference with media outlets to put a story out about Plaintiff abusing his position as a councilman and threating Code Enforcement Officer Tashema Lewis. This information was given to Plaintiff by Mac Serda who has since apologized for his actions.

24. Plaintiff has been reprimanded by subordinate members of the from the mayor's office even though they did not have the authority.

25. The news stories were the tantamount of defamation, libel and slander of Plaintiff's character.

26. High ranking city of North Miami Beach officials filed allegations against Plaintiff so that he could be investigated by the Florida Department of Law Enforcement.

27. The mayor of North Miami Beach went as far as to publically endorse the candidate that was running against Plaintiff for his councilman seat.

28. Plaintiff believes that he was targeted because he was the only Black Haitian-American, which is contrary to the law.

29. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach or the other similarly situated defendants; which have caused and continue to cause irreparable harm.

30. Plaintiff's wife has been subpoenaed to testify against her husband at Miami-Dade County Ethics hearings.

31. Plaintiff's children have been traumatized by the actions of North Miami Beach when they send people to their home to do investigations.

32. Plaintiff have exhausted all administrative remedies.

## COUNT I
## CITY OF NORTH MIAMI BEACH
### Racial Discrimination in Violation of
a. Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if fully forth herein.

33. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

   *WHEREFORE*, plaintiff prays that the court will:

   a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of a.     Title VII of the Civil Rights Act of    1964,         42 U.S.C. 2000, et seq;   .

   b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

   c. Grant Pierre his costs and reasonable attorney's fees.

   d. Award damages for anger, embarrassment, mental anguish and reputation harm.

   e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide.


## COUNT II
## JOSE SMITH
### Racial Discrimination in Violation of
a.     Title VII of the Civil Rights Act of         1964, 42 U.S.C. 2000, et seq;

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if fully forth herein.

34. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

   *WHEREFORE*, plaintiff prays that the court will:

a.  Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of a.    Title VII of the Civil Rights Act of   1964,    42 U.S.C. 2000, et seq;   .

b.  Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c.  Grant Pierre his costs and reasonable attorney's fees.

d.  Award damages for anger, embarrassment, mental anguish and reputation harm.

e.  Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

a.  Award Punitive Damages

## COUNT III
## WILLIAM SERDA
### Racial Discrimination in Violation of
a.  **Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;**

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32 as if fully forth herein.

35. The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

*WHEREFORE*, plaintiff prays that the court will:

a.  Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of a.    Title VII of the Civil Rights Act of   1964, 42 U.S.C. 2000, et seq;   .

b.  Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and
c.  Grant Pierre his costs and reasonable attorney's fees.

d.  Award damages for anger, embarrassment, mental anguish and reputation harm.

e.  Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

f.  Award Punitive Damages

## COUNT IV
## (North Miami Beach)
## (Retaliation in Violation of Title VII of the
## Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

36. Plaintiff was engaged in a statutorily protected activity.

37. Plaintiff was the subject of unwelcomed activity.

38. The harassment was based on his engaging in the protected activity.

39. The harassment was sufficiently severe and pervasive to alter the terms and condition of his employment.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Pierre's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c. Grant Pierre his costs and reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e-5(k).

d. Award Pierre damages for anger embarrassment and reputation harm.

e. Award of nominal, compensatory for all legal relief sought in this Complaint.

f. Grant Pierre such other and further relief as the circumstances and law requires and/or provide.

## COUNT V
## (Jose Smith)
## (Retaliation in Violation of Title VII of the
## Civil Rights Act of 1964, 42 USC 2000e. et seq.)

8

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

40. Plaintiff was engaged in a statutorily protected activity.

41. Plaintiff was the subject of unwelcomed activity.

42. The harassment was based on his engaging in the protected activity.

43. The harassment was sufficiently severe and pervasive to alter the terms and condition of his employment.

   *WHEREFORE*, plaintiff prays that the court will:

   a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Pierre's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

   b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

   c. Grant Pierre his costs and reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e-5(k).

   d. Award damages for anger embarrassment and reputation harm.

   e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide.

   f. Award of nominal, compensatory for all legal relief sought in this Complaint.

   g. Award punitive damages.

### COUNT VI
### William Serda
### (Retaliation in Violation of Title VII of the
### Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

44. Plaintiff was engaged in a statutorily protected activity.

45. Plaintiff was the subject of unwelcomed activity.

46. The harassment was based on his engaging in the protected activity.

47. The harassment was sufficiently severe and pervasive to alter the terms and condition of his employment.

   *WHEREFORE*, plaintiff prays that the court will:

   a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Pierre's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

   b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

   c. Grant Pierre his costs and reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e-5(k).

   d. Award damages for anger embarrassment and reputation harm.

   e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

   f. Award of nominal, compensatory for all legal relief sought in this Complaint.

   g. Award Punitive Damages

## COUNT VII
### City of North Miami Beach
### HOSTILE WORK ENVIRONMENT in VIOLATION
### (Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

48. The conduct of defendant's was serious enough to affect the psychological wellbeing and lead to Plaintiff suffering injury.

49. Plaintiff was subjected to an objectively hostile and abusive environment and Plaintiff's perception was that it was an abusive environment.

50. The totality of the circumstances made for a hostile environment.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c. Grant Pierre his costs and reasonable attorney's fees.

d. Award damages for anger, embarrassment, mental anguish and reputation harm.

e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

## COUNT VIII
### Jose Smith
### HOSTILE WORK ENVIRONMENT in VIOLATION of
### (Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

51. The conduct of defendant's was serious enough to affect the psychological wellbeing and lead to Plaintiff suffering injury.

52. Plaintiff was subjected to an objectively hostile and abusive environment and Plaintiff's perception was that it was an abusive environment.

53. The totality of the circumstances made for a hostile environment.

*WHEREFORE*, Plaintiffs demand judgment against the Defendant and ask for the following relief:

(a) A declaratory judgment that the Defendant's employment practices challenged herein are illegal and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;
.
(b) Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

(c) Award of nominal, compensatory and punitive damages for all legal relief sought in this Complaint;

(d) Awarding reasonable attorneys' fees and costs incurred in this action; and

(e). Award Punitive Damages

(f). Ordering any other relief this Court deems to be just and appropriate

### COUNT IX
### William Serda
### HOSTILE WORK ENVIRONMENT in Violation of the
### (Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

54. The conduct of defendant's was serious enough to affect the psychological wellbeing and lead to Plaintiff suffering injury.

55. Plaintiff was subjected to an objectively hostile and abusive environment and Plaintiff's perception was that it was an abusive environment.

56. The totality of the circumstances made for a hostile environment.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c. Grant Pierre his costs and reasonable attorney's fees.

d. Award damages for anger, embarrassment, mental anguish and reputation harm.

e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

f. Award Punitive Damages

.

## COUNT X
## CITY OF NORTH MIAMI BEACH
## (National Origin in Violation of Title VII of the
## Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

57. Plaintiff is a fifty-two year old Haitian-American male and is a member of a protected class.

58. The acts more particularly alleged above violates Pierre's rights against race discrimination, which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil rights Act as amended by the aforementioned Civil Rights Acts outlined under the paragraphed titled jurisdiction.

59. As a direct, natural, proximate, and foreseeable result of the actions of North Miami Beach, Pierre has suffered past and future pecuniary losses, emotional pain, and suffering, inconvenience mental anguish loss of enjoyment of life and other nonpecuniary losses.

60. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach which have caused, and continue to cause irreparable harm.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Pierre's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

    b.    Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

    c.    Grant Pierre his costs and reasonable attorney's fees pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 e-5(k).

    d.    Award Pierre damages for anger embarrassment and reputation harm.

    e.    Award of nominal, compensatory for all legal relief sought in this Complaint.

    f.    Grant Pierre such other and further relief as the circumstances and law requires and/or provide.

## COUNT XI
## William Serda
## (National Origin in Violation of Title VII of the
## Civil Rights Act of 1964, 42 USC 2000e. et seq.)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

61. Plaintiff is a fifty-two year old Haitian-American male and is a member of a protected class.

62. The acts more particularly alleged above violates Pierre's rights against race discrimination, which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil rights Act as amended by the aforementioned Civil Rights Acts outlined under the paragraphed titled jurisdiction.

63. As a direct, natural, proximate, and foreseeable result of the actions of North Miami Beach, Pierre has suffered past and future pecuniary losses, emotional pain, and suffering, inconvenience mental anguish loss of enjoyment of life and other nonpecuniary losses.

64. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach which have caused, and continue to cause irreparable harm.

   ***WHEREFORE***, plaintiff prays that the court will:

a.  Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b.  Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c.  Grant Pierre his costs and reasonable attorney's fees.

d.  Award damages for anger, embarrassment, mental anguish and reputation harm.

e.  Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

f.  Award Punitive Damages

**COUNT XII**
**Jose Smith**
**(National Origin in Violation of Title VII of the**
**Civil Rights Act of 1964, 42 USC 2000e. et seq.)**

  Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

55. Plaintiff is a fifty-two year old Haitian-American male and is a member of a protected class.

66. The acts more particularly alleged above violates Pierre's rights against race discrimination, which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil rights Act as amended by the aforementioned Civil Rights Acts outlined under the paragraphed titled jurisdiction.

67. As a direct, natural, proximate, and foreseeable result of the actions of North Miami Beach, Pierre has suffered past and future pecuniary losses, emotional pain, and suffering, inconvenience mental anguish loss of enjoyment of life and other nonpecuniary losses.

68. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach which have caused, and continue to cause irreparable harm.

   *WHEREFORE*, plaintiff prays that the court will:

   a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

   b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

   c. Grant Pierre his costs and reasonable attorney's fees.

   d. Award damages for anger, embarrassment, mental anguish and reputation harm.

   e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

   f. Award Punitive Damages

## COUNT XIII
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS (William Serda)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

69. Defendant Serda engaged in deliberate or reckless infliction of mental suffering.

70. His outrageous conduct is what caused the emotional distress.

71. The distress that Defendant caused Plaintiff was severe.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of a Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq; .

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c. Grant Pierre his costs and reasonable attorney's fees.

d. Award damages for anger, embarrassment, mental anguish and reputation harm.

e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

f. Award Punitive Damages

## COUNT XIV
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS (Jose Smith)

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

72. Defendant Serda engaged in deliberate or reckless infliction of mental suffering.

73. His outrageous conduct is what caused the emotional distress.

74. The distress that Defendant caused was severe.

75. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because he engaged in activities protected by Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

    c.    Grant Pierre his costs and reasonable attorney's fees.

    d.    Award damages for anger, embarrassment, mental anguish and reputation harm.

    e.    Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

    f.    Award Punitive Damages

## COUNT XV
### Jose Smith
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

80. Plaintiff is a fifty-four year old Haitian-American male and is a member of a protected class.

81. The acts more particularly alleged above violates Pierre's rights against race discrimination, which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil rights Act as amended by the aforementioned Civil Rights Acts outlined under the paragraphed titled jurisdiction.

82. As a direct, natural, proximate, and of the foreseeable results of the actions of North Miami Beach, and other defendants, Pierre has suffered past and future pecuniary losses, emotional pain, and suffering, inconvenience mental anguish loss of enjoyment of life and other nonpecuniary losses.

83. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach which have caused, and continue to cause irreparable harm.

*WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq. .

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and

c. Grant Pierre his costs and reasonable attorney's fees.

d. Award damages for anger, embarrassment, mental anguish and reputation harm.

e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide.

f. Award Punitive Damages.

## COUNT XVI
## William Serda
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON RACE

Plaintiff realleges and adopts the allegations in paragraphs 1 through 32, as if fully forth herein.

84. Plaintiff is a fifty-four year old Haitian-American male and is a member of a protected class.

85. The acts more particularly alleged above violates Pierre's rights against race discrimination. , which discrimination is proscribed by Title VII of the Civil Rights Act of 1964, as amended by the Civil rights Act as amended by the aforementioned Civil Rights Acts outlined under the paragraphed titled jurisdiction.

86. As a direct, natural, proximate, and of the foreseeable results of the actions of North Miami Beach, and other defendants, Pierre has suffered past and future pecuniary losses, emotional pain, and suffering, inconvenience mental anguish loss of enjoyment of life and other nonpecuniary losses.

87. Pierre has no plain, adequate or complete remedy at law for the actions of North Miami Beach which have caused, and continue to cause irreparable harm. Count Five

    *WHEREFORE*, plaintiff prays that the court will:

a. Enter a judgment for Pierre and against North Miami Beach's practices toward Pierre are violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, et seq;

b. Preliminarily and permanently restraining Defendant from engaging in the aforementioned conduct; and
c. Grant Pierre his costs and reasonable attorney's fees.

d. Award damages for anger, embarrassment, mental anguish and reputation harm.

e. Grant Pierre such other and further relief as the circumstances and law requires and/or provide. Count Three.

f. Award Punitive Damages

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all triable issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by through the ePortal to the Clerk of Court for the Southern District of Florida, this 25th day of January, 2017.

*/S/ Gregory D. Curtis Es*q.
**Gregory D. Curtis Esq.**
17325 N.W. 27th Avenue
Suite 103
Miami Gardens, Florida 33056
Tel: (305) 622 9199
Fax: (305) 622 9129
Florida Bar # 0492108